NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-559


LYNKEITH ZANDEL JAMES

VERSUS

SCOTT PERRY, JR., ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 218,396
HONORABLE BRUCE C. BENNETT, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.


Mark L. Ross
Attorney at Law
600 Jefferson, #512, Box 23
Lafayette, LA 70501
(337) 266-2345
Counsel for Defendants/Appellees:
Scott Perry, Jr.
Sanitation Service, Inc.

**Noland James Hammond**
**Attorney at Law**
**P. O. Box 1841**
**Alexandria, LA 71309**
**(318) 443-7191**
**Counsel for Plaintiff/Appellant:**
**Lynkeith Zandel James**

**Attlah Deniece Burrell**
**Attorney at Law**
**730 Murray St.**
**Alexandria, LA 71309**
**(318) 443-7191**
**Counsel for Plaintiff/Appellant:**
**Lynkeith Zandel James**

**EZELL, JUDGE.**

Lynkeith James appeals a trial court's award of general damages. Mr. James claims the trial court erred in not allowing him to introduce the deposition of his treating physician into evidence to establish his claim for damages. For the following reasons, we affirm.

## FACTS

Mr. James was in an accident with a Scott Perry's sanitation service truck on January 22, 2004, at the intersection of Fenner Street and Overton Street. Both drivers were attempting to make a left turn from Fenner Street onto Overton Street, a two-lane, one-way street. While turning, the vehicles came into contact with one another. Minor damage was noted to both vehicles.

A bench trial was held on July 21, 2005. The court found that the sanitation truck entered Mr. James's lane of travel, causing the accident. One hundred percent of the fault was assessed to the sanitation company. The trial court awarded $2,000 in general damages and $3,3831.79 in special damages to Mr. James. No damages were awarded for damage to the vehicle because it was owned by Mr. James's mother, who was never named as a plaintiff. Mr. James appealed the trial court judgment.

## DEPOSITION

Mr. James first complains that the trial court erred in not allowing him to introduce Dr. Robert Rush's deposition. Mr. James has not explained to this court how the trial court erred. He has only argued that Dr. Rush's deposition would establish his right to an increase in general damages.

Normally, assignments of error not briefed are deemed abandoned. Uniform Rules--Courts of Appeal, Rule 2-12.4. However, since Mr. James's remaining

1

arguments concern the amount of general damages awarded and rely on information found in Dr. Rush's deposition, we will address it briefly.

At the beginning of trial, defense counsel objected to the admittance of Dr. Rush's deposition, which had been taken for discovery purposes by Defendants. The trial court ruled the deposition was inadmissible but held the case open for thirty days for a trial deposition of Dr. Rush. The trial deposition was never taken.

A trial court has much discretion in determining whether to allow the use of deposition testimony at trial. *Bourgeois v. A.P. Green Industries, Inc.*, 06-87 (La.App. 5 Cir. 7/28/06), 939 So.2d 478, *writ denied,* 06-2159 (La. 12/8/06), 943 So.2d 1095. Absent an abuse of discretion, that decision will not be disturbed. *Id.*

We agree with the trial court that Dr. Rush's deposition was not admissible. Pursuant to La.Code Civ.P. art. 1450(3), a deposition of a witness can be used for any purpose if the witness is unavailable, or if the witness resides at a distance greater than one hundred miles from the place of trial, or exceptional circumstances exist, upon application and notice.

Mr. James never established that any of these circumstances existed. Furthermore, Mr. James was given the opportunity to take the trial deposition of Dr. Rush but never did. The trial court did not abuse its discretion in refusing to admit Dr. Rush's deposition into evidence.

## DAMAGES

The trial court awarded $2,000 in general damages. Mr. James claims that this is inadequate and should be increased. In reviewing an award of general damages, an appellate court does not determine what it considers to be an appropriate award, but instead reviews the trier of fact's exercise of discretion in assessing damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S.

1114, 114 S.Ct. 1059 (1994). The adequacy of the award is considered in light of the facts or circumstances presented by a particular case. *Id*. Moreover, the discretion accorded the trier of fact has been described as "'great,' and even vast, so that an appellate court should rarely disturb an award of general damages." *Id.* at 1261.

The only evidence regarding Mr. James's injuries was his own testimony. He testified that he went to Rapides General Hospital the day after the accident. Medical records indicate that he complained of pain in his right shoulder, upper and lower back, hips, and occasional numbness in his left foot. X-rays revealed no problems.

Several days later he went to St. Frances Cabrini Hospital complaining of back pain. His request for narcotic pain medication was denied, and he was told to seek treatment at Huey P. Long for pain management.

Mr. James testified that he then went to see his family doctor, Dr. Rush. Dr. Rush prescribed physical therapy. Mr. James continued treatment with Dr. Rush for six to seven months. A note from Dr. Rush indicates that he diagnosed Mr. James with cervical and lumbar strains. Records from the Louisiana Physical Therapy Centers indicate that Mr. James received treatment for approximately two months.

As observed by the trial court, Mr. James never testified to any pain or suffering as a result of the accident. Other than the above evidence, there is no medical testimony about the effects of this accident on Mr. James. We cannot say that the trial court abused its discretion in its award of general damages.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Lynkeith James.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.